Here, the Agreement states that, "Judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof." See Exhibit 1 to Draeger's Petition at § 15. Venue and jurisdiction in this Court is proper based on diversity of citizenship. 28 U.S.C. § 1332. New Horizon is a Michigan corporation with its principal place of business in Wixom, Michigan, while Draeger is a Delaware corporation with its principal place of business in Texas. The amount in controversy requirement is satisfied because Draeger claims more than $250,000 for New Horizon's breach of the Agreement. Although the Interim Award of Emergency Relief provides for a monetary value of $25,161.88, the entirety of the arbitration proceedings are properly before this Court. As to venue, a substantial part of the events giving rise to the arbitration underlying this matter occurred in this District because it is where New Horizon is located. Thus, Draeger's Petition is properly before this Court.

B. This Court Should Enforce the Arbitration Award

There is a "strong federal policy in favor of enforcing arbitration agreements, [and] courts only have a limited role in reviewing arbitration awards as authorized under the [Act]." Decker v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 205 F.3d 906 (6th Cir. 2000). "The Federal Arbitration Act expresses a presumption that arbitration awards will be confirmed. When courts are called on to review an arbitrator's decision, the review is very narrow; one of the narrowest standards of judicial review in all of American jurisprudence." Nationwide Mutual Ins. Co. v. Home Ins. Co., 429 F.3d 640 (6th Cir. 2005) (internal citations omitted). A Court may set aside an arbitration award under the Act "only upon a finding that certain statutory or judicial grounds are present." Merrill Lynch, Pierce Fenner & Smith v. Jaros, 70 F.3d 418, 420 (6th Cir. 1995).

Here, the record supports granting Draeger's Petition to confirm the Interim Award for Emergency Relief because the parties agreed to submit their dispute to arbitration

pursuant to Section 15 of the Agreement. New Horizon and its counsel were notified of the demand for arbitration and the revised demand for emergency relief through Draeger and through the American Arbitration Association on numerous occasions. As such, New Horizon's failure to appear and failure to substantively respond to the arbitration does not affect the validity and enforcement of the Interim Award. Arbitrator Sabater's Interim Award for Emergency Relief is a valid award issued by an impartial arbitrator and, as such, should be confirmed by this Court.[1]

## III. CONCLUSION

For the reasons stated above, Draeger requests that the Court enter a judgment in its favor and against New Horizon confirming the Interim Award of Emergency Relief issued on February 1, 2011.

---

[1] This Court may properly confirm and enforce and interim arbitration award where, as here, one self-contained and discrete issue has been disposed of by the arbitrator. *Island Creek Coal Sales Co. v. City of Gainsville*, 729 F.2d 1046 (1984); *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 90 F.Supp.2d 893 (S.D. Ohio 2000), affr'd 278 F.3d 621 (6th Cir. 2000).

Respectfully submitted,

*[signature]*

DAVID MURPHY (P22980)
JAMES D. VANDEWYNGEARDE (P58634)
PEPPER HAMILTON LLP
100 Renaissance Center, Suite 3600
Detroit, Michigan 48243-1157
vandewyj@pepperlaw.com
Tel: 313.259.7110

A. CHRISTOPHER YOUNG
JENNIFER LAMBERT
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, Pennsylvania 19103-2799
Tel: 215.981.4000

Dated: February 8, 2011
#13823266 v1 (999922.2006)

*Attorneys for Plaintiff Draeger Safety Diagnostics, Inc.*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DRAEGER SAFETY DIAGNOSTICS, INC.

                Plaintiff,

      v.

NEW HORIZON INTERLOCK, INC.

                Defendant.

Case: 2:11-mc-50160
Judge: Roberts, Victoria A
MJ: Majzoub, Mona K
Filed: 02-08-2011 At 09:53 AM
PET TO CONFIRM:DRAEGER SAFETY DIAGNOSTICS V NEW HORIZON INTERLOCK (LG)

***Expedited Consideration Requested***

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of February, 2011, a copy of Draeger Safety Diagnostic Inc.'s Petition to Confirm and Enforce the Interim Arbitration Award for Emergency Relief, Brief in Support of and Certificate of Service were filed traditionally with the United States District Court, Eastern District of Michigan, and notice will be sent by electronic mail, facsimile and United States Mail to:

    New Horizon Interlock, Inc.
    29234 Lyons Oaks Drive
    Drive, Wixom, MI 48393
    (248) 446-9201 – fax
    Email: *paul@interlockinfo.com*

-2-

                    Respectfully submitted,

                    *[signature]*

                    DAVID MURPHY (P22980)
                    JAMES D. VANDEWYNGEARDE (P58634)
                    PEPPER HAMILTON LLP
                    100 Renaissance Center, Suite 3600
                    Detroit, Michigan 48243-1157
                    vandewyj@pepperlaw.com
                    Tel: 313.259.7110

                    A. CHRISTOPHER YOUNG
                    JENNIFER LAMBERT
                    3000 Two Logan Square
                    Eighteenth and Arch Streets
                    Philadelphia, Pennsylvania 19103-2799
                    Tel: 215.981.4000

Dated: February 8, 2011        *Attorneys for Plaintiff Draeger Safety Diagnostics, Inc.*

#13823274 v1 (999922.2006)