UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DRAEGER SAFETY DIAGNOSTICS, INC.,

       Plaintiff,                          CASE NUMBER: 11-50160

                                           HON. VICTORIA A. ROBERTS

v.

NEW HORIZON INTERLOCK, INC.,

       Defendant.

_____/

**ORDER GRANTING IN PART, PLAINTIFF'S
PETITION TO CONFIRM AND ENFORCE THE INTERIM
ARBITRATION AWARD FOR EMERGENCY RELIEF**

**I.    Introduction**

This matter is before the Court on Plaintiff's Petition to Confirm and Enforce the Interim Arbitration Award for Emergency Relief. (Docs. 1 & 2). Defendant has not responded in writing, but did receive this Petition and participated in a telephone conference with the Court on February 10, 2011.

The Court **GRANTS** the Petition, in part only.

**II.    Background**

Plaintiff manufactures breath alcohol ignition interlock devices (BAIIDs). They prevent a car from starting if the driver's breath alcohol concentration is higher than the state's limit.

On May 29, 2008, Defendant entered into a contract with Plaintiff. Under this

2:11-mc-50160-VAR-MKM Doc # 3 Filed 02/14/11 Pg 2 of 11 Pg ID 114

contract, Defendant became an authorized provider of Plaintiff's BAIIDs in Michigan. Plaintiff authorized Defendant to install, calibrate, and service BAIIDs.

Section 3(c) of this contract states:

> Within five (5) days of cancellation, termination or expiration of this Agreement, [Defendant] shall return to [Plaintiff] all un-installed rented/leased devices and equipment in its possession, and turn over all records, electronic data, and reports relating to this Agreement. The parties expressly acknowledge and agree that such records, electronic data, and reports relating to the services provided pursuant to this Agreement are the property of [Plaintiff]; provided, however, that [Defendant] may retain copies of such records, electronic data, and reports for the purpose of complying with statutory data or records retention obligations or for prosecuting or defending non-payment, default, or other claims relating to [Defendant's] services.

After an extension, the contract expired and terminated on December 31, 2010.

Plaintiff says that when the contract expired, Defendant did not return customer records, data, and equipment, and failed to pay lease fees. Plaintiff met with Mr. Paul Dewey (on behalf of Defendant) on January 6, 2011 to pick up these materials, but Plaintiff says Mr. Dewey did not return client records, electronic data, and other reports.

Plaintiff started arbitration proceedings against Defendant in January 2011, seeking $250,000 damages. Additionally, Plaintiff requested emergency arbitration for the return of customer records, data and equipment. The arbitrator held a telephone hearing on January 25, 2011. Despite several confirmed faxes, phone calls, and letters from Plaintiff, and notices sent from the American Arbitration Association, Defendant did not appear and did not respond to the arbitration demand.

On February 1, 2011, the arbitrator issued an interim award for emergency relief, and ordered Defendant to return records, data, and reports as described in section 3(c) of the contract, and all BAIIDs in Defendant's possession. The arbitrator also awarded

Plaintiff reasonable attorney's fees, costs, and expenses for the emergency arbitration. Defendant was served with this interim award. Plaintiff demanded compliance, but Defendant has failed/refused to comply with the award.

Plaintiff asks the Court to confirm and enforce the award. Plaintiff says that this Petition is an emergency; Plaintiff needs the customer records and reports to comply with Michigan's statutory reporting requirements. If Plaintiff fails to comply with these requirements, Michigan may prevent it from doing business in the state.

### III.     Law & Analysis

#### A.  The Federal Arbitration Act

Section 2 of the Federal Arbitration Act (FAA) states:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

The arbitration provision in the contract between the parties says:

> Any dispute arising under, out of, in connection with, or in relation to this Agreement, or any breach hereof, shall be determined and settled by arbitration held in Dallas, Texas, pursuant to the Commercial Arbitration Rules (including Optional Rules for Emergency Measures of Protection) of the American Arbitration Association (AAA). The arbitration shall consist of one arbitrator. Judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

Contract ¶ 15.

There is no claim that this contract is unenforceable under Michigan law. Accordingly, this arbitration provision will be enforced.

Section 9 of the FAA says:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.  If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. . . .

9 U.S.C. § 9.

The parties agreed that "Judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof." Contract ¶ 15.  Thus, unless this Court lacks jurisdiction, it may confirm the award.

### B. Confirmation of Arbitration Awards Generally

9 U.S.C. § 9 says:

> [A]t any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court **must** grant such an order **unless** the award is vacated, modified, or corrected . . . .

"The Federal Arbitration Act ('FAA') expresses a presumption that arbitration awards will be confirmed." *Nationwide Mut. Ins. Co. v. Home Ins. Co.,* 429 F.3d 640, 643 (6th Cir. 2005).  "When Courts are called on to review an arbitrator's decision, the review is very narrow; one of the narrowest standards of judicial review in all of American jurisprudence." *Id.* (quoting *Nationwide Mut. Ins. Co. v. Home Ins. Co.,* 278 F.3d 621, 625 (6th Cir. 2002)).  Thus, if "the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority," his decision should be confirmed. *United Paperworks Int'l Union v. Misco, Inc.,* 484 U.S. 29, 38 (1987); *see*

*also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros,* 70 F.3d 418, 420 (6th Cir. 1995) ("A federal court may set aside an arbitration award only where certain statutory or judicially created grounds are present.").

An arbitration award may be vacated if the award "was procured by corruption, fraud, or undue means, where there was evident partiality or corruption of the arbitrators, misconduct or misbehavior on the part of the arbitrators, or where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." *Merrill Lynch,* 70 F.3d at 421. Additionally, an award may be vacated if it was made "made in manifest disregard of the law." *Wilko v. Swan,* 346 U.S. 427 (1953). Thus, "[a]n arbitrator's award will be binding on the parties unless they challenge the validity of the underlying contract to arbitrate under § 2 of the FAA or seek to vacate, modify, or correct the award under § 10 or 11." *Decker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 205 F.3d 906, 909 (6th Cir. 2000).

### C. Confirmation of Interim Arbitration Award

#### 1. Venue Is Proper

The venue provisions of the FAA allow a motion to confirm to be brought "either where the award was made or in any district proper under the general venue statute." *Cortez Byrd Chips, Inc. v. Bill Harbert Construction Co.,* 529 U.S. 193, 195 (2000). The general venue statute for a diversity action is 28 U.S.C. § 1391(a). Although the award was made in Dallas, Texas, venue is proper here; the events giving rise to the dispute arose in this district where Defendant is located.

### 2. Whether Subject Matter Jurisdiction Exists

Plaintiff says the Court has diversity jurisdiction because Plaintiff is a Delaware corporation with its principal place of business in Texas. Defendant is a Michigan corporation with its principal place of business in Michigan. The Plaintiff alleges the amount in controversy exceeds $75, 000. *See* 28 U.S.C. § 1332.

Under these circumstances, the Court would typically have jurisdiction to confirm the award; however, the award in this case is not a final arbitration award–it is an interim arbitration award. Generally, "an interim award that finally and definitively disposes of a separate independent claim may be confirmed notwithstanding the absence of an award that finally disposes of all the claims that were submitted to arbitration." *Island Creek Coal Sales Co. v. City of Gainesville Fl,* 729 F.2d 1046 (6th Cir. 1984) (internal quotes omitted) (*overruled on other grounds by Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193 (2000)). However, because the an interim award is not final, the Court must satisfy itself that the Petition for confirmation is not premature.

"The ripeness inquiry is triggered by the fact that the [arbitration award] . . . is not a final arbitration award." *Dealer Comp. Serv., Inc., v. Dub Herring Ford,* 623 F.3d 348, 352 (6th Cir. 2010). "Ripeness is more than a mere procedural question; it is determinative of jurisdiction. If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed." *Bigelow v. Michigan Dept. Of Natural Resources,* 970 F.2d 154 (6th Cir. 1992) (quoting *Southern Pac. Transp. Co. v. City of Los Angeles,* 922 F.2d 498, 502 (9th Cir. 1990)). "Thus, the doctrine serves as a bar to judicial review whenever a court determines a claim is filed prematurely." *Dealer*

*Computer Services, Inc. v. Dub Herring Ford,* 547 F.3d 558, 561 (6th Cir. 2008).

To determine whether a claim is ripe, the Court must consider "(1) the likelihood that the harm alleged by the party will ever come to pass; (2) the hardship to the parties if judicial relief is denied at this stage in the proceedings; and (3) whether the factual record is sufficiently developed to produce a fair adjudication of the merits." *Dealer Computer,* 547 F.3d at 561.

### (a) Likelihood of Harm

Plaintiff says that Defendant's failure to provide it with the customer information and records required under the contract prevents Plaintiff from complying with State statutory monitoring and reporting requirements. Because of this, Plaintiff says the State of Michigan may revoke its ability to do business in Michigan.

A BAIID manufacturer must "submit a violation report to the department if monitoring of the BAIID indicates that the person whose license is restricted under this rule . . . has committed a major or minor violation as defined by this rule. A violation report regarding a major violation . . . shall be submitted to the department not later than 10 days after the violation occurs." Mich. Admin. Code R. 257.313a(4). A "major violation" includes when "[t]he monitoring of the BAIID indicates that the BAIID has been tampered with or circumvented or that there was an attempt to tamper with or circumvent the BAIID." *Id.* at 257.313a(1)(a)(iv).

A BAIID manufacturer may be removed from the list of approved manufacturers if "[t]he manufacturer . . . fail[s] to submit reports as required by the act or rules promulgated to implement the act in the form prescribed by the department in a timely manner." Mich. Admin. Code R. 257.1005(b). It appears likely that Plaintiff will be

harmed by its inability to monitor and report potential violations within the time period required.

### (b) Hardship to the Parties

Plaintiff says it will suffer substantial hardship if the arbitration award is not confirmed by this Court, because it may lose its certification as a BAIID manufacturer in Michigan.

The arbitration award allowed Defendant 10 days to comply by returning customer records and data to the Plaintiff. More than 10 days have passed since the award was issued on February 1, 2011, and Defendant failed to comply. Plaintiff says it has no ability to obtain the records and data necessary to comply with monitoring and reporting requirements on its own, and if a major violation has occurred, the ten days time for reporting the violation may have already passed. Thus, Plaintiff is potentially at risk to lose its certification as a BAIID manufacturer for Michigan.

Additionally, Defendant is unlikely to suffer any hardship if the award is confirmed because (1) the arbitrator found Defendant was contractually obligated to provide these materials to Plaintiff, and (2) Defendant may retain copies of all information given to Plaintiff.

Plaintiff may suffer substantial hardship if the award is not confirmed, while Defendant will suffer little, if any, hardship.

### (c) Sufficient Factual Record

Finally, Plaintiff says that there is a sufficient factual record for this Court to fairly

adjudicate the merits of the award because Plaintiff has submitted (1) the contract, (2) the amendment to the contract, (3) the petition for arbitration with exhibits, and (4) the complete opinion of the arbitrator evaluating the merits of the claim.  After reviewing the documents submitted by Plaintiff, the Court agrees; Plaintiff's interim award for the return of devices, customer records, data, and reports is ripe for review.

### (3). The Award Is Confirmed in Part

Under the law and circumstances, the award must be confirmed unless the underlying contract is invalid, there are indications that the arbitration itself lacked integrity, or the award was made in manifest disregard of the law.

During the February 10, 2011 phone conference, the Defendant did not challenge the validity of the underlying contract or arbitration provision.

Also, the Defendant did not question the integrity of the arbitration proceeding or the arbitrator's impartiality or authority to enter the award.  While absent from the arbitration hearing, Defendant admitted that he was notified of the hearing.  He simply missed it because of his own scheduling error.

Furthermore, the award was not made in manifest disregard of the law.  The contractual provision at issue states: "Within five (5) days of cancellation, termination or expiration of this Agreement, [Defendant] shall return to [Plaintiff] all un-installed rented/leased devices and equipment in its possession, and turn over all records, electronic data, and reports relating to this Agreement."  The parties agree the contract expired, and that Defendant was required to return certain equipment and records to Plaintiff. The arbitrator found that there was evidence that Defendant did not return all equipment to Plaintiff, and failed to return any customer records or reports.

When "the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority," his decision should be confirmed. *United Paperworks Int'l Union v. Misco, Inc.,* 484 U.S. 29, 38 (1987). The arbitrator here appears to be both construing the contract and acting within the scope of his authority.

**(4) The Court Does Not Appear to Have Jurisdiction Over the Award of Attorney's Fees.**

The arbitrator ordered that:

(a) Within ten (10) days of the date of this Interim Award, New Horizon return to Draeger all:
    (i) Customer records, data, and other reports as described in Section 3(c) of the DASP Agreement; and
    (ii) Any and all Draeger Interlock Devices in New Horizon's possession; and
(b) New Horizon pay any reasonable costs–including fees and expenses–incurred by Draeger in connection with these emergency proceedings, subject to the power of the sole arbitrator to determine finally the apportionment of these costs.

Plaintiff's Petition addresses the jurisdiction and substance of part (a) of the arbitrator's award, but not why the Court has jurisdiction to confirm part (b) of this award (attorney fees).

It appears that the attorney fees award is not ripe for confirmation; it is not final– it is "subject to the power of the sole arbitrator to determine finally the apportionment of these costs."

The Court declines to confirm the award of attorney fees; it might be construed as a prohibited advisory opinion, and Plaintiff has not addressed why the attorney fees award is ripe.

**IV. Conclusion**

The Court **CONFIRMS** part (a) of the award requiring Defendant to return records, data, reports, and devices. The Court has no jurisdiction over part (b) of the award, which addresses attorney's fees.

**IT IS ORDERED.**

                                              s/Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated: February 14, 2011

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 14, 2011.
>
> s/Linda Vertriest
> Deputy Clerk